UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN CANO,

       Petitioner,                                Civil No. 04-73984
                                                      Criminal No. 96-80756

v.

                                                      Hon. John Corbett O'Meara

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION TO VACATE SENTENCE**

    Before the court is Petitioner Julian Cano's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed October 12, 2004. When the government did not timely respond, Petitioner filed a motion for default judgment on January 24, 2005. The government submitted a response to the petition, in the form of a motion to dismiss, on March 18, 2005. Thereafter, Petitioner filed a motion to withdraw his § 2255 motion without prejudice, on April 8, 2005.

    The record before the court reveals that an evidentiary hearing on Petitioner's § 2255 motion is unnecessary, because Petitioner's motion is untimely.[1] A motion brought pursuant to § 2255 must be brought within one year from the date upon which the judgment of conviction becomes final. In this case, Petitioner's judgment became final 90 days after the judgment was entered dismissing his Sixth Circuit appeal. See Sanchez-Castellano v. United States, 358 F.3d

---

[1] With respect to § 2255 motions, "evidentiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief." Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) (citing Fontaine v. United States, 411 U.S. 213, 215 (1973)).

424, 426-27 (6th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 532 (2003)).  Petitioner's Sixth Circuit appeal was dismissed in December 1998.[2]  Accordingly, he was required to file his § 2255 motion by March 1999.  Petitioner did not file his motion until October 2004, over five years after the deadline.  Therefore, Petitioner's motion is clearly time barred.

In addition, to the extent Petitioner relies upon recent Supreme Court case law to toll the statute of limitations or to attack his sentence, he cannot do so.  See Blakely v. Washington, 124 S.Ct. 2431 (2004);  U.S. v. Booker, 125 S.Ct. 738 (2005).  Neither Blakely nor Booker apply retroactively to provide relief for petitioners submitting motions pursuant to § 2255.  See, e.g., Humphress v. United States, 398 F.3d 855 (6th Cir. 2005) (holding Booker does not apply retroactively); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005) (same); In re Anderson, 396 F.3d 1336 (11th Cir. 2005) (same); In re Dean, 375 F.3d 1287 (11th Cir. 2004) (holding Blakely does not apply retroactively).

Petitioner also seeks to withdraw his § 2255 motion without prejudice, relying upon United States v. Patterson, 211 F.3d 927 (5th Cir. 2000).  In Patterson, the defendant was permitted to withdraw his timely § 2255 motion and refile it at a later date.  Patterson does not assist Petitioner here, however, because unlike the defendant in that case, Petitioner did not file a timely § 2255 motion in the first instance.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Petitioner's October 12, 2004 Motion to Vacate Sentence is DENIED.

It is further ORDERED that Petitioner's January 24, 2005 Motion for Default Judgment

---

[2] Although the government contends that the appeal was dismissed on December 8, 1998, the district court docket shows that the order was entered on December 15, 1998.  Given that Petitioner's motion was filed several years later, the exact date is not material.

is DENIED.

It is further ORDERED that the government's March 18, 2005 Motion to Dismiss Petitioner's Motion is GRANTED.

It is further ORDERED that Petitioner's April 8, 2005 Petition to Withdraw § 2255 Motion without Prejudice is DENIED.

                                          s/John Corbett O'Meara
                                          John Corbett O'Meara
                                          United States District Judge

Dated: April 29, 2005